IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MALISSA MORGAN, <br><br> Plaintiff, <br><br> v. <br><br> KEN'S FOODS, INC, <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Malissa Morgan ("Plaintiff" or "Ms. Morgan"), by and through undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Ken's Food Inc. ("Defendant") for violations of rights under the Civil Rights Act of 1991, and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter the "FLSA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 216(b).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

4.

Defendant does business in and is engaged in commerce in the State of Georgia and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## PARTIES

5.

Ms. Morgan is an African American citizen of the United States of America and is subject to the jurisdiction of this Court as a resident in the State of Georgia.

6.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, USA.

## FACTUAL ALLEGATIONS

8.

Ms. Morgan was employed by Defendant from September 16, 2019, through February 10, 2021, as an HR Staffing Specialist.

9.

Ms. Morgan was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 203(e).

10.

Throughout her employment with Defendant, Ms. Morgan was paid on a salary basis, without overtime compensation for the hours she worked in excess of 40 in work weeks.

11.

Defendant is an "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

12.

While employed by Defendant, Ms. Morgan regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40 in workweeks.

13.

Throughout Ms. Morgan's employment with Defendant, Ms. Morgan's primary duty was non-exempt work, specifically recruiting, screening and interviewing people.

14.

Applicants came onsite to complete an application.

15.

Ms. Morgan reviewed the applications.

16.

Ms. Morgan then contacted the applicant to schedule an interview and testing.

17.

If the applicant was successful on the test, they were scheduled for another interview with a department team lead, sometimes conducted the same day.

18.

A final interview would then be held with the department manager.

19.

There were department managers for several departments.

20.

Ms. Morgan processed applications for all the departments.

21.

The Plant Manager was Christopher Burnett.

22.

Mr. Burnett is not typically a part of the hiring process.

23.

On or about February 1, 2021, Ms. Morgan reported to Alison Yi, Human Resources, that Mr. Burnett denied employment to a candidate because he was African American and had tattoos.

24.

White employees were hired despite having tattoos that were visible on their legs and arms.

25.

Ms. Morgan reported to Ms. Yi that when she complained about the discriminatory behavior to Mr. Burnett, he stated that he would run the plant the way he wanted.

26.

Two days later, on February 3, 2021, Ms. Morgan complained to Ms. Yi that Kraylon Givens, an African American male employee, was not allowed to apply for a position that would promote him.

27.

Mr. Givens informed Ms. Morgan that he was not provided the opportunity to apply for a promotion allegedly because of his lack of experience.

28.

Ms. Morgan informed Ms. Yi that white candidates, such as Blake Arnold, were allowed to move into positions without having the required experience.

29.

Ms. Morgan also informed Ms. Yi that based on her observations, Mr. Burnett's hiring decisions were being made almost exclusively on race.

30.

Specifically, Ms. Morgan informed Ms. Yi of a situation that occurred with an African American employee, Felecia Brown-Parker, as an example of decisions being made on race.

30.

Ms. Brown-Parker was not given a promotion, or even an interview for a position, even though she was the only applicant.

31.

Instead of interviewing Ms. Brown-Parker, Defendant made an offer to Jesse Reese, a white male and brother to Wesley Reese (a manager in the company), who did not apply or interview for the position.

31.

Defendant intentionally chose not to involve Ms. Morgan in the decision to hire Mr. Reese.

32.

It was not a standard business practice for Ms. Morgan not to be involved in recruitment and hiring.

33.

Ms. Yi responded to Ms. Morgan that the reason Ms. Brown-Parker was not interviewed was because she was argumentative – perpetuating a stereotype of the "angry black woman" as a reason for not interviewing Ms. Brown-Parker.

34.

On or about February 10, 2021, Plant Manager Mr. Burnett entered the conference room where Ms. Morgan was speaking with the team lead, Cedric Boyd.

35.

Mr. Burnett informed Ms. Morgan that going forward, Ms. Morgan was no longer allowed to extend offers of employment unless it was approved by Mr. Burnett.

36.

Mr. Burnett yelled at Ms. Morgan stating that she was not doing her job because she was offering people employment – particularly African American employees – that he had not approved.

37.

It was not a standard business practice for the Plant Manager to approve offers of employment.

38.

Mr. Burnett also asked Ms. Morgan if she had a "comprehension problem" because she was hiring African American employees.

39.

Mr. Burnett had closed the door when he entered the room and when Ms. Morgan tried to leave, he stepped in front of the door to block her exit.

40.

Jerome Pearley, the Kitchen Department Manager, asked Mr. Burnett to move so that Ms. Morgan could exit the room.

41.

Ms. Morgan left the room in tears and went to her office.

42.

Ms. Morgan informed Gary Beisaw in Human Resources that she was leaving work for the day.

43.

Ms. Morgan had been going to therapy every Wednesday since February 2020.

44.

On February 10, 2021, Ms. Morgan left work to attend her therapy session.

45.

On or about February 11, 2021, Ms. Yi called Ms. Morgan stating that the company was accepting her resignation.

46.

Ms. Morgan informed Ms. Yi that she did not resign.

47.

Ms. Morgan informed Ms. Yi that she had left the office for the day.

48.

Ms. Yi was aware that Ms. Morgan did not intend to resign at the time she spoke with Ms. Morgan.

49.

Ms. Yi told Ms. Morgan that terminating Ms. Morgan's employment was best because Ms. Morgan and Mr. Burnett "had issues".

50.

Additionally, Ms. Yi told Ms. Morgan that because she had brought forward her complaints about Mr. Burnett, it was clear that Ms. Morgan was not happy with her position.

51.

For these reasons, Ms. Yi told Ms. Morgan that her employment was ending.

52.

Ms. Yi was not present when Mr. Burnett yelled at Ms. Morgan on February 10, 2021.

53.

On February 12, 2021, Defendant terminated Ms. Morgan's employment effective February 10, 2021.

54.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

55.

Others outside of Ms. Morgan's protected class, i.e., Black, were treated differently.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF 42 U.S.C. § 1981

56.

Ms. Morgan re-alleges paragraphs 34-55 as if set forth fully herein.

57.

Defendant subjected Ms. Morgan to discrimination on the basis of her race (black).

58.

Defendant's actions in subjecting Ms. Morgan to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

59.

The effect of the conduct was to deprive Ms. Morgan of economic opportunities, and otherwise adversely effect Ms. Morgan's status as an employee, because of race.

60.

As a direct and proximate result of these actions, Ms. Morgan has been made a victim of acts that adversely affected her psychological and physical well being.

61.

As a direct and proximate result of Defendant's unlawful employment practices, Ms. Morgan has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

62.

Defendant has willfully and wantonly disregarded Ms. Morgan's rights, and Defendant's discrimination against Ms. Morgan was undertaken in bad faith.

63.

Defendant chose not to take appropriate remedial steps to prevent or correct

the discrimination.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

64.

Plaintiff re-alleges paragraphs 23-55 as if set forth fully herein.

65.

Ms. Morgan engaged in protected conduct when she complained about race-based discrimination.

66.

Defendant subjected Ms. Morgan to adverse employment actions after Ms. Morgan engaged in protected conduct.

67.

There was a causal connection between the protected conduct and the adverse action.

68.

As a direct and proximate result of these actions, Ms. Morgan has suffered damages.

69.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

# COUNT III:
# VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

70.

Plaintiff re-alleges paragraphs 8-22 as if set forth herein.

71.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Ms. Morgan worked in excess of (40) hours in given workweeks.

72.

Defendant willfully and wantonly disregarded Ms. Morgan's rights, and Defendant's retaliation against Ms. Morgan was undertaken in bad faith.

73.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

74.

Defendant knew or had reason to know Ms. Morgan regularly worked over 40 hours in workweeks without overtime compensation.

75.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Ms. Morgan at the required overtime rate.

76.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Ms. Morgan overtime compensation in violation of the FLSA.

77.

Pursuant to the FLSA, 29 U.S.C. § 216, Ms. Morgan is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(h) Grant Plaintiff a trial by jury as to all triable issues of fact;

(i) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(j) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(k) Grant Plaintiff leave to add additional state law claims, if necessary;

(l) Award Plaintiff such further and additional relief as may be just and appropriate; and

(m) All other relief to which she may be entitled.

[*SIGNATURE ON NEXT PAGE*]

|  | **BARRETT & FARAHANY** |
|---|---|
|  | s/ *Ianna O. Richardson* |
|  | Amanda A. Farahany |
| P.O. Box 530092 | Georgia Bar No. 646135 |
| Atlanta, Georgia 30353 | Ianna O. Richardson |
| (404) 214-0120 | Georgia Bar No. 655153 |
| amanda@justiceatwork.com |  |
| ianna@justiceatwork.com | *Counsel for Plaintiff Malissa Morgan* |